SUPERIOR COURT
OF THE
STATE OF DELAWARE

CRAIG A. KARSNITZ
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5264

Martin J. Weis, Esquire
Dilworth Paxon LLP
One Customs House, Suite 500
704 King Street
P.O. Box 1031
Wilmington, Delaware 19899

Ms. Ruihua Mueller
17 Wedgefield Boulevard
Ocean View, Delaware 19970

RE:   *PNC Bank, National Association v. Mueller,*
       C.A. No. S17C-11-015

On Plaintiff's Motion for Summary Judgment: GRANTED

Date Submitted:   December 20, 2018
Date Decided:     February 12, 2019

Dear Ms. Mueller and Counsel:

Before the Court is a Motion for Summary Judgment filed by Plaintiff, PNC Bank, National

Association, as successor in interest to PNC Bank, Delaware ("PNC"). At issue is the validity and

enforceability of a guaranty executed by Ruihua Mueller ("Defendant") in connection with a loan

PNC extended to Jerry Mueller Real Estate, Inc. ('JMRE"). For the following reasons, the Motion

for Summary Judgment is GRANTED.

I.     **Factual Background**

On or about May 6, 2009, JMRE borrowed $100,000.00 from PNC ("the Loan"). The Loan

was memorialized by a Promissory Note dated May 6, 2009 ("the Note"). The Note is secured by

a mortgage on certain property located in Frankford, Delaware, dated July 25, 2008, and recorded

on September 15, 2008 ("the Mortgage"). In addition, the Note is secured by a Commercial Guaranty

executed by Defendant and dated May 6, 2009 ("the Guaranty"). Pursuant to the Guaranty, Defendant agreed to the performance and discharge of all of JMRE's obligations under the Note. By way of the Guaranty, Defendant waived "any right to require [PNC] ... © to resort for payment or to proceed directly or at once against any person, including [JMRE] or any other guarantor; (D) to proceed directly against or exhaust any collateral held by [PNC] from [JMRE], any other guarantor, or any other person..."[1] The Loan, the Note, the Mortgage, and the Guaranty are hereinafter collectively referred to as "the Loan Documents."

By PNC's allegation and Defendant's admission to the best of her knowledge, JMRE is in default of the Loan due to, at a minimum, its failure to pay all outstanding amounts when due under the Note.

On June 20, 2017, Defendant entered into a forbearance agreement with PNC ("the Agreement"). In September of 2017, Defendant entered into an Amendment to the Agreement, which extended the forbearance period through October 6, 2017 ("the Amendment").

PNC subsequently demanded payment for the amounts due under the Guarantee, the Agreement, and the Amendment. When Defendant failed to pay, PNC initiated suit. PNC now seeks summary judgment, asserting there are no issues of material fact and that it is entitled to judgment as a matter of law. The parties have briefed the issues and the Court heard oral argument today. The matter is now ripe for decision.

## II.    Standard of Review

This Court will grant summary judgment only when no material issues of fact exist, and the

---

[1] Complaint, Exhibit B.

moving party bears the burden of establishing the non-existence of material issues of fact.[2] Once the moving party has met its burden, the burden shifts to the non-moving party to establish the existence of material issues of fact.[3] Where the moving party produces an affidavit or other evidence sufficient under Superior Court Civil Rule 56 in support of its motion and the burden shifts, the non-moving party may not rest on its own pleadings, but must provide evidence showing a genuine issue of material fact for trial.[4] If, after discovery, the non-moving party cannot make a sufficient showing of the existence of an essential element of his or her case, summary judgment must be granted.[5] If, however, material issues of fact exist, or if the Court determines that it does not have sufficient facts to enable it to apply the law to the facts before it, summary judgment is inappropriate.[6]

## III.   Discussion

Defendant is proceeding *pro se* and her answering brief lacks some clarity. The Court holds filings made by *pro se* litigants to a "somewhat less stringent technical standard than formal pleadings drafted by lawyers...."[7]  Generally speaking, it appears to the Court that Defendant challenges PNC's Motion for Summary Judgment on the grounds that she is no longer bound by the Guaranty and that the amount claimed due is inaccurate. Specifically, Defendant alleges (a) it is PNC who breached its responsibilities under the Loan Documents, (b) she is not liable under the Guaranty,

---

[2] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[3] *Id.* at 681.

[4] Super. Ct. Civ. R. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

[5] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991), *Celotex Corp.*, *supra*.

[6] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).

[7] *Vick v. Haller*, 1987 WL 36716, at *1 (Del. Mar. 2, 1987).

© the accounting on the amount due is incorrect, and (d) PNC was obligated to call the loan or remove her as a guarantor upon learning of her change of circumstances. The problem underlying all of Defendant's arguments is that she ratified her obligations under the Loan Documents in the Agreement and, later, the Amendment.

In 2016, the Loan went into default and judgments by confession were filed on January 16, 2017, against JMRE on the Note and Mr. Mueller on the Guaranty. PNC did not seek a judgment against Defendant, opting to negotiate the Agreement with Defendant to permit her additional time to sell the Property and satisfy the indebtedness.

Pursuant to the Agreement, Defendant confirmed she remained unconditionally liable to PNC under the Guaranty's terms and that the amount due as of May 15, 2018 was $109,700.25, together with continuing *per diem* interest of $24.4218. Defendant acknowledged she had no claims, defenses, or counterclaims to the amount claimed due. Importantly, Defendant ratified and confirmed her obligations under the Loan Documents. Finally, Defendant affirmatively represented she was signing the Agreement of her own volition after having had the opportunity to consult with legal and financial advisors.

By way of the Amendment, Defendant ratified and confirmed her obligations under the Loan Documents and the Agreement.

In light of the terms of aforementioned documents, I turn to Defendant's specific claims.

A.    **PNC's Alleged Breach**

Defendant first alleges that PNC breached the Loan Documents, causing Defendant hardship. This conclusory allegation is not supported by the record. PNC has produced evidence of an agreement and evidence of Defendant's breach of same. In order to survive a motion for summary

4

judgment, Defendant may not rely on her pleadings: she must provide evidence showing a genuine issue of material fact. Defendant has not provided any evidence to support her claim that PNC breached its obligations to her under the Loan Documents.

**B.     Defendant's Alleged Release**

Defendant asserts that in or about 2015, Defendant requested to be released from the Guaranty and PNC granted this request. Pursuant to the Guaranty, any request to be released therefrom must be done in writing and must be mailed by certified mail to the lender. Any revocation would apply to new indebtedness created after the receipt of the revocation.

Defendant has not submitted any documentation to support her claim that she attempted to revoke the Guaranty. Assuming, however, that she did request release from the Guaranty, her subsequent affirmation that she remains liable under the Guaranty belies that argument. Any dispute as to whether Defendant is liable under the Guaranty died when she reaffirmed her obligations under the Guaranty by entering into the Agreement.

**C.     Amount Alleged Due**

Defendant contends the amount due is incorrectly calculated. In so doing, she cites the judgments PNC obtained against JMRE and Mr. Mueller. She charges PNC with failing to disclose these judgments to her. PNC's judgments against JMRE and Mr. Mueller are a matter of public record and, moreover, are immaterial to Defendant's continuing obligations under the Guaranty. With regard to the amount Defendant owes, PNC has submitted an affidavit detailing the differential between the amount in the Agreement, which was acknowledged by Defendant, and that of the judgment against JMRE – the difference is attributed to additional interest and late charges.

**D.    PNC's Alleged Obligation to Remove Defendant as Guarantor**

Defendant reargues her first argument in essence, asserting that PNC should have called the Loan or renewed it without her as a Guarantor upon "being notified of [Defendant's] material change of circumstance." It is unclear to the Court what Defendant's material change of circumstance was and, in any event, what PNC's obligations were to her, in the event of a change of circumstance. Assuming that Defendant suffered a change of circumstance, the Guaranty does not contain any language that would support Defendant's contention that PNC was obligated to relieve Defendant of her obligations under the Guaranty.

**IV.    Conclusion**

The bottom line is that the Guaranty is in effect and Defendant must fulfill her obligations thereunder. PNC's Motion for Summary Judgment is GRANTED.

At oral argument, PNC conceded that Defendant had paid $3,000.00 toward the amount due, and that the *per diem* interest rate should be reduced to $7.56. Judgment will be entered in the amount of $106,228.38 with interest from May 15, 2017, at the *per diem* rate.

**IT IS SO ORDERED.**

Very truly yours,

Craig A. Karsnitz

oc:    Prothonotary

6